### *Colden* v. *Dopkin.*

KENT, C. J. This is a case upon *certiorari*, brought to reverse a justice's judgment, and submitted without argument. Several errors are alleged in the proceedings below, but it will be sufficient to notice only, that the justice adjourned the cause for

more than six days without consent. The return states, that the defendant below was sued by summons, which was returnable on the 26th of *July ;* that the parties appeared on that day and pleaded ; that the plaintiff below prayed a day to prove his account, and the justice thereon adjourned the court to the 2d of *August,* on which day the plaintiff appeared in court, and the defendant was present, but said nothing, whereupon the justice, after hearing the proofs and allegations of the plaintiff, gave judgment for him.

Upon this case the justice had no authority to adjourn for more than six days after the day of appearance of the parties on the summons. The 2d section of the £10 act is positive that the justice shall, upon the return of the summons, or at some other time, *not exceeding six days thereafter,* proceed to hear the cause, and in the present instance, the 2d of *August,* was the 7th day thereafter. There are other provisions in the act respecting adjournments ; but none of them have any application to the present case, and there is nothing in the return from which we can presume any consent or acquiescence on the part of the defendant. The return contains pretty strong evidence to the contrary. On the day of the return of the summons, the defendant pleaded a special plea, and the plaintiff refused to reply, but called upon the defendant to plead the general issue ; which he refused to do, and then the adjournment took place at the prayer of the plaintiff; and on the day of adjournment, the defendant took no part in the proceedings, but remained a silent spectator. On this ground, therefore, of an adjournment beyond the time authorised by the act, the judgment below

must be reversed ; for where the act is positive in its directions, it must be strictly observed. The same point arose, and was determined in the case of *Palmer* v. *Green*, in *April* term, 1799, and that decision being in point, governs the present.